Argued and submitted June 1, affirmed November 3, 1981

# SOUTHERN PACIFIC TRANSPORATION COMPANY,
## *Petitioner,*

*v.*

# SCHOOL DISTRICT NO. 40,
## McMINNVILLE et al,
## *Respondents.*

## (CA 15128,   SC 27674)

635 P2d 645

James H. Clarke, Portland, argued the cause for petitioner. With him on the briefs were Laurence F. Janssen, and Spears, Lubersky, Campbell & Bledsoe, Portland.

Robert M. Johnstone, of Cushing, Johnstone & Peterson, McMinnville, argued the cause for respondent School District No. 40.

Ridgway K. Foley, Jr., Portland, argued the cause for respondent Market Insurance Company. With him on the briefs were Kenneth E. Roberts, Sr. and Souther, Spaulding, Kinsey, Williamson & Schwabe, Portland.

William H. Morrison, Portland, argued the cause for respondent Oregon Automobile Insurance Co. With him on the briefs were G. Kenneth Shiroishi, and Morrison, Dunn, Cohen, Miller & Carney, Portland.

Before Denecke, Chief Justice, and Lent, Linde, Peterson, and Tanzer, Justices.

LENT, J.

**LENT, J.**

This case is closely related to *Espinosa v. Southern Pacific Trans.*, 291 Or 853, 635 P2d 638 (1981), also decided today by this court.

This case, like *Espinosa*, arose out of a collision in September, 1976, between a locomotive owned and operated by the Southern Pacific Transportation Company (hereinafter SP) and a school bus operated by School District No. 40, McMinnville (hereinafter District). Christina Marie Espinosa was killed in that collision.

At the close of the trial in *Espinosa*, the jury returned a verdict finding the District 85 percent at fault and SP 15 percent at fault. SP then commenced this action, seeking a judgment declaring that SP is entitled to recover from the District all amounts in excess of 15 percent of any judgment arising out of the 1976 collision. Some 37 actions have been filed against the District, SP, or both, by or on behalf of school children killed or injured in the collision.

The District had three policies of liability insurance which were, by their terms, applicable to claims arising from the collision. A basic policy with the Oregon Automobile Insurance Company provided coverage to the limits set by ORS 30.270(1)[1] ($100,000 per claimant and $300,000 per accident). An excess insurance policy provided by the Market Insurance Company provided coverage to $500,000, and a third policy with the Stonewall Insurance Company provided coverage from $500,000 to $1,000,000.

SP contended that the District's purchase of these excess policies constituted a waiver of the monetary limits

---

[1] ORS 30.270(1):

"Liability of any public body or its officers, employes or agents acting within the scope of their employment or duties on claims within the scope of ORS 30.260 to 30.300 shall not exceed:

"(a) $50,000 to any claimant for any number of claims for damage to or destruction of property, including consequential damages, arising out of a single accident or occurrence.

"(b) $100,000 to any claimant for all other claims arising out of a single accident or occurrence.

"(c) $300,000 for any number of claims arising out of a single accident or occurrence."

stated in ORS 30.270(1). In so arguing, SP relied on our case of *Vendrell v. School District 26C, et al,* 226 Or 263, 360 P2d 282 (1961). In response, the District contended that the rule of *Vendrell* had been abrogated by the various statutory changes since *Vendrell,* most notably the passage in 1967 of the Oregon Tort Claims Act, ORS 30.260-ORS 30.300, and the amendments thereto. Further, the District contended that the excess insurance should not be considered applicable to this collision, because it was not the intent of the District to provide insurance coverage for this collision beyond the statutory limits.

All parties in this action moved for summary judgment. The trial court denied summary judgment for SP and granted summary judgment for the District. SP appealed to the Court of Appeals, which affirmed *per curiam,* 50 Or App 607, 624 P2d 176 (1981), relying on its opinion in *Espinosa v. Southern Pacific Trans.,* 50 Or App 561, 624 P2d 162 (1981). We allowed review in both this action and *Espinosa* in order to consider the matter of monetary limits of the District's liability in tort. ORS 2.520; 291 Or 1.

■ As we hold today in our decision in *Espinosa,* the monetary limits established by ORS 30.270(1) control in instances such as this. Despite the presence of insurance applicable to the collision, the District's liability is fixed by the statute. The District's purchase of insurance beyond those limits does not effect a waiver.

Because we anticipate that our rulings in these cases will be studied and followed carefully by school district and other public officials in planning their insurance coverage, we address ourselves to an aspect to which the parties have given considerable attention in their briefs, i.e., the intent of public officials in purchasing insurance.

■■ We regard the intent of public officials in purchasing insurance beyond the monetary limits set by the Tort Claims Act as being of questionable relevance. This is particularly so where, as here, public officials announced, after the event giving rise to claims against the public body, that the purchased insurance policies do not reflect their subjective, and heretofore unstated, intent. The limits of liability for public bodies are fixed by statute, and the

Tort Claims Act does not give officials discretionary authority to alter these limits. Where a statute, such as ORS 332.435,[2] vests officials with discretionary authority, we assume that they will contract for the coverage they want. Even in these cases, we regard their entering into a contract for insurance as showing their intent to contract for insurance as provided by the terms of the policy and not otherwise.

In this case, the statute controls the monetary limits of liability against the District. In accordance with our decision in *Espinosa*, the decision of the Court of Appeals affirming the granting of summary judgment in favor of the District and against SP must be affirmed.

Affirmed.

---

[2] ORS 332.435:

"Any district school board may enter into contracts of insurance for liability covering all activities engaged in by the district for medical and hospital benefits for students engaging in athletic contests and in traffic patrols and may pay the necessary premiums thereon. Failure to procure such insurance shall in no case be construed as negligence or lack of diligence on the part of the district school board or the members thereof."